CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 26 2005

JOHN F. CORCORAN, CLERK
BY: /s/ H. McDonald
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PATRICIA ELLEN ST. CLAIR,<br>Petitioner, | Civil Action No. 7:04-cv-00399 |
| v. | **MEMORANDUM OPINION** |
| TAMMY C. ESTEP,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Petitioner Patricia St. Clair, a Virginia inmate proceeding through counsel, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Ms. St. Clair challenges the validity of her confinement under the judgment of the Circuit Court for the City of Roanoke, sentencing her to an active twelve-year sentence of imprisonment for felony embezzlement. The respondent has filed a motion to dismiss, and the court has received records from the circuit court, the Court of Appeals of Virginia, and the Supreme Court of Virginia. Upon review of the record, I am of the opinion that the motion to dismiss must be granted.

I.

Ms. St. Clair pled guilty on September 26, 2000, to twelve counts of embezzlement from her employer, Abal Material Handling, from March 1, 1994 to December 31, 1999. The evidence submitted to support the charges indicated that while she was bookkeeper for Abal Material, she took more than $660,000 from the company. Because of her actions, the company had to pay more than $40,000 in penalties to the Internal Revenue Service (IRS). During the plea colloquy, the court informed Ms. St. Clair, and she acknowledged her understanding, that she could receive up to twenty years in prison for each offense. The court conducted a sentencing hearing on November 20, 2000. During this hearing, a probation officer testified about out-patient counseling Ms. St. Clair received for depression between April and November 2000 (during the criminal proceedings against her). The primary victim, Mr. Bauman, testified as to the harm Ms. St. Clair's actions had caused him and his company and the lack of remorse she had shown toward him. He testified that he had received $150,000 in restitution up to that point

and that he believed Ms. St. Clair had other hidden assets. Ms. St. Clair testified that she had sold her house and given Mr. Bauman $20,000 of the proceeds. She admitted that she had kept $13,000 of the proceeds to use as a down payment on a new house for herself and her children, but claimed she had no other items of any value. Finding that Ms. St. Clair had shown little remorse for her actions, the trial judge imposed a sentence of five years for each of the twelve counts for a total of sixty years imprisonment, but took under advisement whether any portion of the sentences would be suspended.

The court conducted another sentencing hearing on December 5, 2000. Ms. St. Clair testified that she had lied to the court with respect to her assets. Between the hearings, she produced to Mr. Bauman additional cash, furnishings, collector's items and a large amount of jewelry that she had hidden. The court vacated the prior sentence and ordered the parties to make a thorough accounting of the restitution that could be credited from this additional property. After receiving such a breakdown at a February 20, 2001 hearing, the court again sentenced Ms. St. Clair to five years on each of the twelve charges, but suspended all but one year for each charge, for a total of twelve years imprisonment. The court found that the sentencing guideline recommendation of probation did not address the severity of Ms. St. Clair's criminal conduct and stated that he based the sentence on Ms. St. Clair's "attitude and actions in court."

Ms. St. Clair appealed her sentence to the Court of Appeals of Virginia, alleging that it "violat[ed] the United States Constitution because its severity depended solely upon the restitution she was able to pay prior to judgment" and because the court ignored the sentencing guidelines. The Court of Appeals dismissed both issues, and the Supreme Court of Virginia subsequently refused her petition for appeal. Ms. St. Clair then filed a petition for a writ of habeas corpus in the Circuit Court for the City of Roanoke, raising the same claims that she raises in her federal petition. The court issued a lengthy opinion, explaining in detail why each of the three ineffective assistance claims failed to state any constitutional claim and finding that the court error claims were barred from habeas review because the appellate courts had addressed

the issue on direct appeal. The Supreme Court of Virginia subsequently refused Ms. St. Clair's petition for appeal.[1] Petitioner then filed her federal petition.

II.

Because the Virginia courts addressed all of Ms. St. Clair's claims on the merits, I must review her petition under the standards set forth in 28 U.S.C. §2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section §2254(d) as amended by the AEDPA reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court adjudication is "contrary to" clearly established federal law if the state court "applies a rule that contradicts the governing law set forth in [the United States Supreme Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from [its] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision unreasonably applies Supreme Court precedent if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," id, at 407-408, or "was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled." Ramdass v. Angelone, 530 U.S. 156, 166 (2000)(opinion of Kennedy, J.). "Under §2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply

---

[1] Because the Court of Appeals issued the only reasoned opinion during direct appeal proceedings and the circuit court issued the only reasoned opinion during habeas proceedings, I must presume that the Supreme Court of Virginia's unexplained rejections of Ms. St. Clair's claims rested on the same grounds as did the lower courts' dispositions. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Therefore, I look to the lower courts' reasoning for purposes of the §2254(d) analysis.

3

because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411. In addition, §2254(e)(1) requires a federal reviewing court to presume that the state court's determination of a factual issue is correct unless the petitioner offers "clear and convincing evidence" rebutting that determination.

In addressing Ms. St. Clair's claims, the circuit court applied the two-part test defined by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), that a habeas petition must meet to prevail in a claim of ineffective assistance of counsel. Considering the totality of the circumstances, petitioner must demonstrate by a preponderance of the evidence that counsel acted outside the range of professionally competent assistance and that as a result, petitioner was prejudiced. Id. at 687-88. The court must presume that counsel acted according to a reasonable trial strategy formulated in light of counsel's perspective at the time of trial, and the defendant's own statements or actions may "determine or substantially influence" the reasonableness of counsel's actions. Id. To show prejudice in the sentencing context, petitioner must demonstrate that but for counsel's deficient conduct, the sentence would have been different. Id. at 694-95. Unless petitioner satisfies both prongs of the Strickland test, her claims of ineffective assistance fail. Id. at 697.

### III.

The circuit court issued a detailed opinion stating why each of petitioner's ineffective assistance claims did not satisfy the Strickland test. The Court of Appeals of Virginia issued a detailed opinion, explaining why the record did not support petitioner's court error claims. In her federal petition, Ms. St. Clair fails to offer any argument whatsoever regarding how she believes the state court's disposition of her claims was contrary to, or unreasonably applied, established federal law as required for habeas relief under §2254(d), or were based on an unreasonable determination of the facts. As such, the petition simply does not state any ground for federal habeas relief.

**Claim 1:    Counsel was ineffective for allowing Ms. St. Clair to secrete or otherwise use property and resources which should have been used to satisfy her restitution obligation.**

In support of this claim, Ms. St. Clair asserts that counsel did not advise her of the importance of making full restitution, took no action to discourage her from hiding assets, and approved her purchase of a new home instead of advising her to apply all proceeds of the same of her home to restitution efforts. Relying on the record and counsel's affidavit, the circuit court found that counsel's actions were reasonable in light of Ms. St. Clair's own actions and statements. It is undisputed that counsel advised Ms. St. Clair from the beginning of his representation, even before the state pursued criminal charges, that she "needed to do all she could to repay Mr. Bauman," that "the more she repaid, the better off she would be." Heedless of this advice, Ms. St. Clair "insisted on keeping things, she said, for her children." The circuit court noted Ms. St. Clair's direct lie to the trial court and to counsel during the November 2000 sentencing hearing--that she had no additional items of value. Based on these facts, the circuit court found that "the Sixth Amendment does not demand that her counsel divine her intentions and compel her to tell the truth." Furthermore, the circuit court found, even if counsel's actions were unreasonable, Ms. St. Clair fails to demonstrate that "but for" counsel's alleged errors, the sentence would have been less severe. The court noted the trial judge's stated beliefs that Ms. St. Clair was not repentant and that the guideline sentence of probation was inconsistent with the severity of Ms. St. Clair's crimes. The circuit court held, "Regardless of whether Ms. St. Clair was allowed by her counsel to hide assets, she was unable to convince the Court that she felt any remorse for her actions. Her projected attitude is not something that is likely to have changed" based on counsel's actions.

As stated, Ms. St. Clair's habeas counsel fails to present any respect in which the circuit court's disposition of this claim is contrary to, or an unreasonable application of, Strickland, or that it is based on an unreasonable determination of the facts, and I cannot find that it is. Accordingly, I cannot find that petitioner meets the §2254(d) standard, and I will deny relief on

Claim 1.

**Claim 2:** **Counsel was ineffective for failing to portray in sufficient detail Ms. St. Clair's efforts at restitution and the amounts that should have been credited to Ms. St. Clair.**

Specifically, Ms. St. Clair asserts that counsel should have presented evidence that the restitution figure was based on valuations that the victim assigned to the property Ms. St. Clair turned over to him rather than on the amount actually paid for the property or on any objective appraisal of the property. She also faults counsel for not adequately explaining how she spent the stolen money and for not adequately explaining that her husband received a substantial amount of property during their divorce. She asserts that these alleged omissions left the court to speculate as to Ms. St. Clair's restitution efforts and let to a tougher sentence.

During habeas proceedings, the circuit court found from the record that counsel had addressed each of these topics repeatedly during the course of the sentencing hearings. Ms. St. Clair herself testified about these matters on two occasions, in detail, and counsel provided the court with lists of property turned over to the victim on several occasions. The circuit court found that Ms. St. Clair's own dishonesty with the trial court caused the judge to speculate about the sincerity and completeness of her restitution efforts and that not even a more detailed accounting of restitution efforts "could have affected the court's perception of her attitude, her untruthfulness, or her perceived lack of remorse." Based on these findings, the circuit court held that Ms. St. Clair had not met her burden on either prong of <u>Strickland</u>.

Ms. St. Clair's habeas counsel fails to argue any respect in which the circuit court's disposition of this claim is contrary to, or an unreasonable application of, <u>Strickland</u> or that it is based on an unreasonable determination of the facts, and I cannot find that it is. Accordingly, I cannot find that petitioner satisfies the §2254(d) standard, and I will deny relief on Claim 2.

**Claim 3:** **Counsel was ineffective for failing to present evidence of Ms. St. Clair's mental health condition in spite of his knowledge of her condition.**

Ms. St. Clair states that her attorney knew counselors had diagnosed Ms. St. Clair with depression stemming from abuse she suffered during her marriage. She faults counsel for not

6

calling one or both of her counselors to testify at sentencing and for not arranging to have her examined by a forensic psychiatrist. She asserts that without psychiatric evidence, she had no answer for the court's questions about what motivated her actions. Finally, she believes that the court would have been more lenient in sentencing her if counsel had presented evidence of her depression.

In habeas proceedings, the circuit court found Ms. St. Clair's Claim 3 "unconvincing." First, the court noted that the trial judge had heard testimony from Ms. St. Clair's probation officer about her depression, counseling and medication. Defense counsel revisited the issue briefly in cross-examination, but made a strategic choice not to dwell further on the topic. Instead, counsel called witnesses who testified about Ms. St. Clair's "devotion as a mother, the attachment of her children, and her feelings of remorse." The habeas court found that it was "perfectly reasonable to suppose that such testimony would be more effective in generating sympathy and reducing a sentence of incarceration than evidence that Ms. St. Clair was depressed after being caught." The court also noted that further attention to the defendant's mental state might have drawn attention away from her ability to accept responsibility for her actions. Finally, the court refused to speculate regarding the effect that further investigation into Ms. St. Clair's mental condition during the offenses might have had on the sentencing outcome.

Ms. St. Clair's habeas counsel fails to argue any respect in which the circuit court's disposition of this claim is contrary to, or an unreasonable application of, Strickland or that it is based on an unreasonable determination of the facts, and I cannot find that it is. Petitioner simply has not produced any evidence of prejudice stemming from counsel's alleged omissions. As the circuit court noted, additional psychiatric examination might have revealed information more harmful than helpful to Ms. St. Clair's case. Accordingly, I cannot find that petitioner meets the mandatory standard of §2254(d), and I will deny relief on Claim 3.

**Claim 4:** **The trial court violated the constitution by determining Ms. St. Clair's sentence based on the amount of restitution paid.**

Ms. St. Clair asserts that the court violated the Equal Protection and Due Process clauses

7

Case 7:04-cv-00399-JLK-mfu  Document 17  Filed 05/26/05  Page 8 of 9
Pageid#: 146


of the Fourteenth Amendment to the Constitution of the United States by imprisoning her solely because she was unable to make restitution. Specifically, she asserts that the trial judge indicated his intention to determine how much of her sixty-year sentence would be suspended, based on the amount of restitution she was able to pay before the final sentencing hearing. She states, "Presumably, had she paid all the restitution, the Court would have suspended her entire sentence."

Ms. St. Clair raised this claim on direct appeal. In dismissing her appeal, the Court of Appeals of Virginia found from the record that the trial judge did not base Ms. St. Clair's sentence on her ability to pay restitution. Rather, the Court of Appeals found that the judge based his sentencing calculation on Ms. St. Clair's "unwillingness or willful refusal to pay restitution and her lack of honesty with the court in the process of repaying the victim, not her inability to pay."

The federal reviewing court must presume the Court of Appeals' factual findings to be correct, absent a showing of clear and convincing evidence to the contrary. §2254(e)(1). Ms. St. Clair offers no such evidence. Likewise, she fails to demonstrate grounds for relief under §2254(d). She cites Bearden v. Georgia, 461 U.S. 660, 668 (1983), which held that if a probationer has "willfully refused to pay . . . restitution when he has the means to pay, the State is perfectly justified in using imprisonment as a sanction to enforce collection." Ms. St. Clair admitted to the court that she had lied about her ability to offer property in restitution, and the trial court relied on this admitted dishonesty and lack of willingness to pay restitution as the basis for the harshness of the sentence. Thus, I cannot find the state courts' disposition of Claim 4 was contrary to, or an unreasonable application of, established federal law, and I will deny relief on this claim, pursuant to §2254(d) and (e)(1). An appropriate order shall be issued this day.

The petitioner is advised that she may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may

issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 26th day of May, 2005.

*/s/ Jackson L. Kiser*
Senior United States District Judge